[Civ. No. 676.   Fourth Appellate District—July 6, 1933.]

MORRIS BERNSTEIN et al., Appellants, v. HENRY D. TIMMERMAN et al., Respondents.

Charles E. Hobart for Appellants.

Duckworth & Harrison for Respondents.

BARNARD, P. J.—This action grew out of a real estate transaction in which the plaintiffs agreed to purchase from the defendants Timmerman a bungalow court in the city of San Bernardino, giving in part payment therefor several parcels of real and personal property. The various instruments and papers involved were placed in escrow with a title company, and later delivered to the respective parties in accordance with the terms of the escrow. This action was brought against the Timmermans and against the real estate agents concerned in the deal, for the purpose of canceling the deeds and assignments by which the several properties of the plaintiffs had been conveyed to the defendants. While the complaint contains a number of causes of action, the essence of the action is that the delivery of the instruments sought to be canceled constituted a conversion of the properties represented thereby, since a rescission had been mutually agreed upon by the parties before delivery, and that the transaction should be set aside because of fraudulent representations alleged to have been made by the defendants Timmerman. The trial court found for the defendants on every material issue and entered a judgment in their favor, from which this appeal is taken.

The only point raised is that the evidence does not sustain certain of the findings. While the appellants concede that there is a conflict in the evidence on most of the issues, they insist that there is no real conflict with respect to certain matters, this contention being based largely on the

argument that the entire evidence discloses that the testimony of the principal defendant was not worthy of belief.

With respect to the first contention, that there was a mutual rescission and that the papers in question should not have been delivered, the following appears: On June 7, 1929, deeds and assignments covering all of the properties concerned were placed in escrow with instructions, signed by all the parties, authorizing the title company to bring down the titles, record the papers and complete the transaction. According to these escrow instructions and the papers deposited, the Timmermans were to receive the conveyances of the Bernstein properties, and the appellants were to receive a deed to the bungalow court property, giving back a trust deed thereon securing a note representing the balance of the purchase price. Later, the appellants notified the respondents that they would not go on with the deal and on June 10, 1929, all of the parties met for a conference. At this time the appellants stated that they were fearful they could not make the payments; that if there should be any large number of vacancies they would be unable to do so; and that they did not like to assume the responsibility of taking care of the encumbrances against the bungalow court. The defendants suggested handling the matter on a contract of sale instead of by deed. There is evidence that for the reasons named the parties agreed to make this change and also agreed that the monthly payments were to be materially reduced and that the Timmermans would lease one unit of the property for a substantial amount. In accordance with this agreement the parties met at the escrow office the next day, at which time an agreement of sale was drawn and signed by the parties and left in escrow to be substituted therein for the deed. The escrow agent was instructed to use the deeds and assignments previously deposited with it by the appellants as the down payment on the contract and not to deliver the contract to the appellants until the title to the Bernstein properties was found to be satisfactory. At the same time the escrow agent told all the parties that the deal was now closed and there could be no backing out. On June 20, 1929, the respondent H. D. Timmerman complained to the appellants concerning the title to one parcel of property he was to receive and stated that they must either put up cash for that or give him other security of equal value.

The appellants admit that there is a conflict in the testimony as to what occurred at this conversation. While they testified that Timmerman told them that the deal was off, this is flatly denied by him. Mr. Timmerman and another witness testified that he then told the appellants that the deal had gone too far to stop and would have to be completed. On June 30, 1929, Mr. Timmerman told the appellants he was ready to accept the title to the lot about which he had previously complained. There is a conflict as to what was said at this time, the appellants having testified that they stated they would go on with the deal only on certain named contingencies, while Timmerman and one of the real estate agents testified to the contrary. The latter parties also testified that at that time the appellants agreed to come to the bungalow court on July 2, 1929, and take possession of the property. On July 2, 1929, the parties met at the bungalow court and, on being told that several other vacancies had occurred through parties moving out, refused to go on with the deal. There is evidence that the appellants at that time stated that they had no complaint in so far as the court or its equipment were concerned, but that they were afraid of the vacancies. Shortly thereafter, the escrow agent delivered the papers to the respective parties and this action followed.

It is appellants' contention that the evidence shows a mutual agreement of rescission and that the escrow should not have been closed and the papers delivered until they took possession of the property. While they notified the escrow agent not to deliver the papers before the same were delivered, under the view of the evidence taken by the trial court, they had no right to then prevent the transfer. Under the instructions the papers were to be delivered when certain titles were found satisfactory, and no such condition as taking possession appears therein. The court's finding that there was no mutual agreement to rescind is sustained by the evidence. The appellants contend that this rescission took place on June 20th and at the same time admit that there is a conflict in the evidence with respect thereto. Two witnesses testified that while the appellants mentioned canceling the exchange, at that time, the respondents told the appellants that the same could not be canceled or abandoned. There is also evidence that on June 30th, when the

respondents told the appellants they were satisfied with the other title, the parties arranged a day on which the appellants were to take possession of the property, and that they were in the act of taking possession when they became alarmed at being told of some vacancies that had occurred in the meantime.

The appellants contend that the respondents falsely represented the value of the property; the amount of the monthly income and rental when the apartments were full; the amount of the income and rental then being received; that it was completely furnished and equipped; the cost of the furnishings; that during the period of one year the proportion of vacancies had not amounted to more than ten per cent; and that a certain man took care of the property in return for the right to occupy a small house situated thereon. The respondents denied making any misrepresentations, although they admitted an error of $5 in stating the amount of monthly rental then being received from one apartment, with an explanation of how the same came to be made. The court found that a mistake had been made in this respect; that the same was made in error and that there was no intent to defraud; and that the same was not relied upon. This matter is not material, being only incidental to the claim of misrepresentation in regard to the income of the entire property, and the entire evidence fully sustains the court's finding in that regard. The court found that no misrepresentations were made, and further, that none were relied upon. In regard to the latter finding, there not only was evidence that the appellants made their own investigation, but that they refused an opportunity to examine respondents' books showing the income from the apartments, saying that "anyone could fix up the books". It appears that appellants had been in the business of buying and selling apartment houses and running them. It would serve no useful purpose to set forth the evidence relating to the various misrepresentations claimed, but the same supports the findings made, and the attack upon the weight of the testimony of one of the respondents has no place here.

While considerable evidence was introduced which would have justified findings favorable to the appellants, no more appears than a conflict in the evidence upon certain issues.

in every one of which the trial court has found the other way.

The judgment is affirmed.

Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 4, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 1, 1933.